United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 3, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-40807
Summary Calendar
_____

DANIEL B. KENNEY,

Plaintiff-Appellant,

versus

UNION PACIFIC RAILROAD COMPANY;
BURLINGTON NORTHERN & SANTA FE
RAILWAY COMPANY,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(G-01-CV-203)
--------------------

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Daniel B. Kenney appeals from the district court's take-nothing judgment based on a jury verdict that he recover "zero" damages on his negligence claim under the Federal Employers' Liability Act[1] against his employer, Defendant-Appellee Union Pacific Railroad Company ("UP") and the railroad track owner,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 45 U.S.C. § 51 et seq.

Defendant-Appellee Burlington Northern & Santa Fe Railway Company ("BN/SF"). Kenney claims that the award of zero damages was grossly inadequate, that the district court erred in submitting an "Act of God" instruction to the jury, and that cumulative error resulted from the court's allowing hearsay testimony about an expert report and allowing plaintiff's geological expert to be impeached on a collateral/ cumulative matter followed by argument that the plaintiff had deliberately attempted to mislead the jury. We affirm the take-nothing judgment of the district court.

None contest that the train on which Kenney was working ran into a huge boulder that had sloughed off a canyon wall and landed on the track. Even if the parties can quibble about whether the sloughing off of the boulder following unusually heavy and protracted rains was or was not an Act of God, the question is essentially moot, or harmless, because the jury — obviously not confused — went on to find that UP was negligent and that this negligence was the legal cause of the injury, "if any," suffered by Kenney in the train's allision with the boulder. Similarly, if the jury's finding of no legal cause on the part of BN/SF was based on either the Act of God theory or the absence of negligence on the part of BN/SF, any error is harmless as well. This is because the jury concluded, on the basis of a plethora of fact and expert testimony — which the jury obviously credited, as was its prerogative — that the medical problems complained of by Kenney simply did not occur during and result from the meeting of the

train and the boulder.  That conclusion flows inescapably from the jury's "zero" award to Kenney, i.e., taxing of no damages or costs to UP or BN/SF, despite Kenney's presence on UP's train and BN/SF's track, at the time of the allision.

Our careful review of the record on appeal, the briefs of the parties, the applicable law, and the jury verdict and judgment of the court, convinces us beyond peradventure that no reversible error occurred.  With no evident confusion or misinformation, the jury obviously concluded that there was negligence on the part of UP which produced the crash, but that the preponderance of the evidence was sufficient to prove that Kenney's disc problem, the treatment therefor, and the pain and suffering accompanying it, simply was not causally connected to the crash.  It is obvious as well that the jury reached the fully supportable conclusion that, given (1) the absence of pain and symptoms in proximity to the crash, (2) Kenney's continuation of vigorous activities, such as playing softball, riding motorcycles, and the like, and (3) the delayed onset and progress of his back problems, his injury was too attenuated from the crash to be causally connected.

For the foregoing reasons, the judgment of the district court is, in all respects,

AFFIRMED.